Filed 2/7/24  P. v. Gatewood CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B330382 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA066864) |
| v. | |
| LAVELL GATEWOOD, | |
| Defendants and Appellants. | |

THE COURT:

Defendant and appellant Lavell Gatewood appeals from the denial of his petition for vacatur of his attempted murder conviction and for resentencing under Penal Code section 1172.6.[1] Appointed counsel found no arguable issues and filed a brief requesting this court to exercise our discretion to conduct an

---

[1]    All further unattributed code citations are to the Penal Code.

independent review of the record or in the alternative, a review as set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplement brief also requesting an independent review but raised no issues regarding section 1172.6.  As defendant does not claim that the trial court erred, we decline to conduct an independent review of the record.  (See *Delgadillo*, at p. 232.)

### BACKGROUND

In 2008, after a jury trial, defendant was convicted of attempted murder in violation of sections 187, subdivision (a), and 664.  The jury found true allegations that he personally used a firearm (§ 12022.53, subd. (b)); that he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)); that he personally and intentionally discharged a firearm, which caused great bodily injury to the victim (§ 12022.53, subd. (d)); and that he personally inflicted great bodily injury to the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)).  The trial court sentenced defendant to life in prison on the attempted murder count, plus 25 years to life for one firearm enhancement and four years for the great bodily injury enhancement.  This court modified the sentence to stay the great bodily injury enhancement and correct the presentence credits, but otherwise affirmed the judgment.  (*People v. Gatewood* (Oct. 29, 2009, B209314) [nonpub. opn.].)

In April 2022, defendant submitted a petition for resentencing pursuant to section 1172.6.  The trial court appointed counsel for defendant, and the prosecution filed written opposition to the petition.  Defendant's counsel filed no written reply, and after several continuances the court held a

2

hearing on May 3, 2023, to determine whether defendant had established a prima facie basis for relief. The prosecutor argued this was a one-defendant case without instructions regarding the natural and probable consequences doctrine, the felony murder rule, or any theory of imputed malice. Defense counsel presented no argument and submitted the determination on defendant's petition.

At the conclusion of the hearing, the court denied defendant's resentencing petition without issuing an order to show cause, finding on undisputed facts in the record of conviction that the jury was not instructed regarding the natural and probable consequences doctrine or any other theory of imputed malice. The court concluded defendant was ineligible for resentencing as a matter of law.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

After examination of the record, appointed counsel filed an opening brief raising no issues. Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (See *id*., at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own

3

supplemental brief.  We notified defendant of counsel's brief; gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered; and advised him that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned.

Defendant filed a supplemental brief within the time allowed and thoroughly set forth a statement of the evidence adduced at trial showing he was the sole perpetrator of the attempted murder of his wife, and there was no other principal. Defendant then argues the denial of the petition should be reversed due to ineffective assistance of trial counsel.

Effective 2019, sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine were amended "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Section 1172.6 now provides a procedure for not only those convicted of murder, but also those convicted of attempted murder or manslaughter to seek retroactive relief if they could not now be convicted under the amended laws.  (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957.)  A petition for relief may be filed by a such person if convicted of one of those crimes based upon the natural and probable consequences doctrine, the felony murder rule, or when malice was imputed to the petitioner based solely on the petitioner's participation in crime.  (§ 1172.6, subd. (a); *Delgadillo, supra*, 14 Cal.5th at p. 233.)  Where the record shows no jury instructions were given regarding any of these theories,

4

or where the record "*conclusively* establish[ed—]with no factfinding, weighing of evidence, or credibility determinations"— that petitioner was the actual perpetrator, he is ineligible for relief as a matter of law.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 47-48, 52-53.)

The purpose of section 1172.6 is *not* to afford an opportunity to obtain a new trial on the basis of trial error. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)  Thus defendant's claim is not the proper means to challenge a conviction based upon alleged ineffectiveness of counsel.  Thus defendant has raised no issue regarding whether he could now be convicted under the amended laws or that the procedure provided by 1172.6 applies to him.

As the matter was submitted in the trial court on undisputed facts establishing ineligibility under section 1172.6 as a matter of law, and defendant has raised no issue, arguable or otherwise, arising under section 1172.6, we do not exercise our discretion to conduct an independent review.  "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

_____
ASHMANN-GERST, Acting P. J.   CHAVEZ, J.  HOFFSTADT, J.